FILED - KZ
November 26, 2024 2:16 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems Scanned by ES / 11/26

United States District

Western District of Michigan

Southern Division

1:24-cv-1262

Paul L. Maloney
U.S. District Judge

Plaintiff – Emil Washington

539 Williams St.

Kalamazoo, MI 49007

V

Defendants – Pfizer & Co., Inc.

**Address**: 7000 Portage Rd, Portage, MI 49002

-DK security Company

Address: 5160 Falcon View Ave SE, Grand Rapids, MI 49512

- Next 150 Company

Address: 7000 Portage Rd, Portage , MI 49002

- Timothy Williams
- Mia Scruggs
-

Complaint

This complaint details the named Defendant has violated Plaintiff's rights which include : The Michigan Penal Code 328 of 1931 section 750.411h.

**750.411h Stalking; definitions; violation as misdemeanor; penalties; probation; conditions; evidence of continued conduct as rebuttable presumption; additional penalties.**

Sec. 411h. **Definition**

(1) As used in this section:

(a) "Course of conduct" means a pattern of conduct composed of a series of 2 or more separate noncontinuous acts evidencing a continuity of purpose.

(b) "Dating relationship" means frequent, intimate associations primarily characterized by the expectation of affectional involvement. This term does not include a casual relationship or an ordinary fraternization between 2 individuals in a business or social context.

(c) "Emotional distress" means significant mental suffering or distress that may, but does not necessarily, require medical or other professional treatment or counseling.

(d) "Harassment" means conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact that would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose.

(e) "Stalking" means a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

(f) "Unconsented contact" means any contact with another individual that is initiated or continued without that individual's consent or in disregard of that individual's expressed desire that the contact be avoided or discontinued. Unconsented contact includes, but is not limited to, any of the following:

(i) Following or appearing within the sight of that individual.

(ii) Approaching or confronting that individual in a public place or on private property.

(iii) Appearing at that individual's workplace or residence.

(iv) Entering onto or remaining on property owned, leased, or occupied by that individual.

(v) Contacting that individual by telephone.

(vi) Sending mail or electronic communications to that individual.

(vii) Placing an object on, or delivering an object to, property owned, leased, or occupied by that individual.

(g) "Victim" means an individual who is the target of a willful course of conduct involving repeated or continuing harassment.

(2) An individual who engages in stalking is guilty of a crime as follows:

(a) Except as provided in subdivision (b), a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both.

(b) If the victim was less than 18 years of age at any time during the individual's course of conduct and the individual is 5 or more years older than the victim, a felony punishable by imprisonment for not more than 5 years or a fine of not more than $10,000.00, or both.

(c) If the victim and the individual are spouses or former spouses, have or have had a dating relationship, have or have had a child in common, or are residents or former residents of the same household, a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both.

(3) The court may place an individual convicted of violating this section on probation for a term of not more than 5 years. If a term of probation is ordered, the court may, in addition to any other lawful condition of probation, order the defendant to do any of the following:

(a) Refrain from stalking any individual during the term of probation.

(b) Refrain from having any contact with the victim of the offense.

(c) Be evaluated to determine the need for psychiatric, psychological, or social counseling and if, determined appropriate by the court, to receive psychiatric, psychological, or social counseling at the individual's own expense.

(4) In a prosecution for a violation of this section, evidence that the defendant continued to engage in a course of conduct involving repeated unconsented contact with the victim after having been requested by the victim to discontinue the same or a different form of unconsented contact, and to refrain from any further unconsented contact with the victim, gives rise to a rebuttable presumption that the continuation of the course of conduct caused the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

(5) A criminal penalty provided for under this section may be imposed in addition to any penalty that may be imposed for any other criminal offense arising from the same conduct or for any contempt of court arising from the same conduct.

The Elliott – Larsen Civil Rights Act 453 of 1976 section 37.2103

**37.2103 Definitions.**

Sec. 103.

As used in this act:

(a) "Age" means chronological age except as otherwise provided by law.

(b) "Commission" means the civil rights commission established by section 29 of article V of the state constitution of 1963.

(c) "Commissioner" means a member of the commission.

(d) "Department" means the department of civil rights or its employees.

(e) "Familial status" means 1 or more individuals under the age of 18 residing with a parent or other person having custody or in the process of securing legal custody of the individual or individuals or residing with the designee of the parent or other person having or securing custody, with the written permission of the parent or other person. For purposes of this definition, "parent" includes an individual who is pregnant.

(f) "Gender identity or expression" means having or being perceived as having a gender-related self-identity or expression whether or not associated with an individual's assigned sex at birth.

(g) "National origin" includes the national origin of an ancestor.

(h) "Person" means an individual, agent, association, corporation, joint apprenticeship committee, joint stock company, labor organization, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, unincorporated organization, this state or a political subdivision of this state or an agency of this state, or any other legal or commercial entity.

(i) "Political subdivision" means a county, city, village, township, school district, or special district or authority of this state.

(j) "Race" is inclusive of traits historically associated with race, including, but not limited to, hair texture and protective hairstyles. For purposes of this definition, "protective hairstyles" includes, but is not limited to, such hairstyles as braids, locks, and twists.

(k) Discrimination because of sex includes sexual harassment. Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature under the following conditions:

(i) Submission to the conduct or communication is made a term or condition either explicitly or implicitly to obtain employment, public accommodations or public services, education, or housing.

(ii) Submission to or rejection of the conduct or communication by an individual is used as a factor in decisions affecting the individual's employment, public accommodations or public services, education, or housing.

(iii) The conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment.

(l) "Sexual orientation" means having an orientation for heterosexuality, homosexuality, or bisexuality or having a history of such an orientation or being identified with such an orientation.

Title VII of the Civil Rights Act prohibits discrimination based on race, color, sex, national origin – and religion. In Michigan, workers' religious rights are also protected by the Elliott-Larsen Civil Rights Act. These laws apply to both current Michigan employees as well as job candidates.

## Jurisdiction

This Court has jurisdiction over all causes of action set forth in this complaint, as all Plaintiff and Defendants reside and operate in this district. Furthermore, all significant and relevant incidents that gave rise to this suit took place in Kalamazoo, Mi, county of Kalamazoo with in the jurisdiction of this court.

## Factual Basis

On October 14, 2024 Plaintiff was notified by Potage Police that Plaintiff may be involved with a sexual harassment incident, According to Timothy Williams with a victims by the name of Miss Scruggs.

Allegedly Timothy Williams received a text message from the victim Miss Scruggs saying" you rapped me". Timothy Williams took this statement to Pfizer's Human Resources and to the Portage Police as if the statement sent to Timothy Williams phone to be addressed to Plaintiff, which is an outrageous notion.

Plaintiff Emile Washington has proof through text messages proofing Plaintiffs and Miss Scruggs has had mutual conversations all year long.

Portage Police has labeled Plaintiff as a suspect, in a case numbered 24-32756. Which is outrageous because the clear suspect is Timothy Williams, because the victim sent him the text message. With no clear evidence of Mr. Washington involvement. Timothy Williams can't even say he is speculating as to Mr. Washington's involvement. Timothy Williams is clearly misleading authorities.

Timothy Williams got scared when he received the text message from the victim, figured he would lose his job and possibly go to jail, so Defendant Timothy Williams fabricated a story against Plaintiff in an attempt to save himself.

Plaintiff knows nothing of an sexual harassment assault to the victim.

## Cause of Action

1. Cause of action against the named Defendants for violation of MCL 750.411h when the named Defendants Fabricated police reports against the Plaintiff ***Groff v. DeJoy***, 600 U.S. 447 (2023)

2. Cause of action against the named Defendants for violation of Plaintiff rights , The Elliott – Larsen Civil Rights Act 453 of 1976

section 37.2103 when Defendants fabricated stories about Plaintiff because of his religion, making Plaintiff feel uncomfortable at work. ***Groff v. DeJoy***, 600 U.S. 447 (2023). **Engel v. Vitale, 370 U.S. 421 (1962)**

3. Cause of action against the named Defendants for violation of Title VII of the Civil Rights Act when Defendants discriminated against Plaintiff because of Plaintiff's religion causing Plaintiff work issues. ***Groff v. DeJoy***, 600 U.S. 447 (2023) **Engel v. Vitale, 370 U.S. 421 (1962)**.

Damages and Relief

Plaintiff respectfully request relief from the named Defendants in the amount of 500,000 USD for damages caused by Defendants action, causing Plaintiff to lose of money and attempting to tarnish Plaintiff's name. ***Groff v. DeJoy***, 600 U.S. 447 (2023). *Engel v. Vitale, 370 U.S. 421 (1962)*

Plaintiff seeks relief from the name Defendants in the amount of 500,000 USD for violation of Plaintiff rights sited in this complaint, because Defendants did knowingly and willfully violate Plaintiff's rights because of Plaintiff religious choice. ***Groff v. DeJoy***, 600 U.S. 447 (2023)

Emil Washington

11-26-24