UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMIL WASHINGTON,

     Plaintiff,

v.                                                                          Hon. Paul L. Maloney

PFIZER & CO., INC., et al.,                                  Case No. 1:24-cv-1262

     Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Emil Washington filed his pro se complaint in this case on November 26, 2024, against Pfizer & Co., Inc., DK Security Company, Next 150 Company, Timothy Williams, and Mia Scruggs. Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act (ELCRA), and engaged in stalking conduct prohibited by Mich. Comp. Laws 750.411h. (ECF No. 1 at PageID.1–4.)

Having granted Plaintiff's motion to proceed as a pauper (ECF No. 4), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. After conducting this review, I recommend that Plaintiff's Title VII claim and all his claims against DK Security Company and Next 150 Company be dismissed for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over the state-law claims and dismiss them without prejudice.

### I. Background

Although Plaintiff does not expressly say so in his complaint, it appears that he was employed by Defendant Pfizer. He alleges that on October 14, 2024, the Portage Police

Department (PPD) notified him of his alleged involvement in a sexual harassment incident. Plaintiff alleges that the PPD told him that Defendant Williams, who apparently was also a Pfizer employee, informed them of Plaintiff's involvement in the incident(s) against Defendant Scruggs, the alleged victim. (*Id.* at PageID.5.) Plaintiff alleges that Williams received a text message from Scruggs stating, "[Y]ou rapped [sic] me." Williams showed this statement to Pfizer's Human Resources Department and to the PPD, making it look as if the statement sent to Williams on his phone was actually directed at Plaintiff. Plaintiff alleges that he has proof through text messages that he and Scruggs had mutual conversations all year long. (*Id.*) Plaintiff alleges that Williams is the clear suspect, and there is no clear evidence of Plaintiff's involvement. He alleges that Williams became scared when he received the text message from Scruggs and figured that he would lose his job and possibly go to jail, so he fabricated the story of Plaintiff's involvement.

## II. Applicable Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a
> court must accept as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not suffice. Rule 8 marks a
> notable and generous departure from the hypertechnical, code-pleading regime of
> a prior era, but it does not unlock the doors of discovery for a plaintiff armed with
> nothing more than conclusions. Second, only a complaint that states a plausible
> claim for relief survives a motion to dismiss. Determining whether a complaint
> states a plausible claim for relief will, as the Court of Appeals observed, be a
> context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense. But where the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct, the complaint has
> alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiff is proceeding pro se, the Court must construe his pleading more liberally

than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this

liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials

in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*,

891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a

court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th

Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also

transform the district court from its legitimate advisory role to the improper role of an advocate

seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City

of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  Discussion

As an initial matter, Plaintiff names DK Security Company and Next 150 Company as

Defendants but fails to allege what, if anything, they did to merit being named in a federal lawsuit.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.

*See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless claims"), *overruled in other part*, Goad v. Mitchell, 297 F.3d 497, 502-03 (6th Cir. 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Plaintiff fails to even mention DK Security Company or Next 150 Company in the body of his complaint. His allegations fall far short of the minimal pleading standards under Federal Rule of Civil Procedure 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Those Defendants should be dismissed from the action with prejudice.

Plaintiff's only federal claim arises under Title VII. Plaintiff does not identity the Defendant(s) against whom this claim is asserted. To the extent Plaintiff asserts this claim against any Defendant other than Pfizer, it is subject to dismissal because Title VII imposes liability only on an "employer," defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." *Wathan v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (quoting 42 U.S.C. § 2000e(b)). The Sixth Circuit has held that Congress did not intend to impose liability on individual employees or agents under Title VII, even if they function in a supervisory capacity. *Id.* at 405–06 ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."). For this reason, the Title VII claim fails against any Defendant other than Pfizer.

Even as to Pfizer, Plaintiff fails to state a Title VII claim under the *Twombly*/*Iqbal* standard. Plaintiff simply alleges that Defendants violated Title VII because they "discriminated against Plaintiff because of Plaintiff's religion causing Plaintiff work issues." (*Id.* at PageID.6.) This conclusory statement is insufficient to allege a plausible claim. It is true that a plaintiff is not required to allege an indirect-evidence prima facie case of discrimination under the *McDonnell Douglas* burden-shifting framework at the motion to dismiss stage. *Keys v. Humana, Inc.*, 684 F.3d 605, 606 (6th Cir. 2012). Nonetheless, a plaintiff alleging discrimination is still required to "allege sufficient factual content to make a claim for relief plausible." *Blick v. Ann Arbor Pub. Sch. Dist.*, 516 F. Supp. 3d 711, 722 (E.D. Mich. 2021). In other words, a plaintiff must allege enough facts to allow the court to infer that the plaintiff suffered the alleged adverse employment action because of his race, sex, or religion. *See Wiseman v. Spectrum Healthcare Res.*, No. 2:21-cv-02042, 2021 WL 4399718, at *3 (W.D. Tenn. Sept. 27, 2021) (quoting *Flynn v. Memphis Pathology Lab. (AEL)*, No. 2:19-2882-CV-SHL-TMP, 2020 WL 5801087, at *3 (W.D. Tenn. Sept. 29, 2020)). Plaintiff fails to do this. Accordingly, the Title VII claim is subject to dismissal as to all Defendants.

Plaintiff's remaining claims arise solely under Michigan law. If the Court agrees with the foregoing recommendation to dismiss the Title VII claim, I recommend that it exercise its discretion to decline supplemental jurisdiction and dismiss the state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Generally, the Court should decline to hear state-law claims when all federal claims are dismissed before trial. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (citing *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Here, the litigation has just commenced, and Plaintiff may properly pursue his

remaining claims in state court. *See Kelly v. City of New Philadelphia*, No. 5:20-cv-211, 2020 WL 2126665, at *3 (N.D. Ohio May 5, 2020) (declining to exercise supplemental jurisdiction where all of the federal claims were dismissed "at this early stage of litigation").

### III. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Defendants DK Security Company and Next 150 Company from the action with prejudice, dismiss Plaintiff's Title VII claim with prejudice, and dismiss the state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  November 27, 2024                                  /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).